69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 R.G. REYNOLDS, Plaintiff-Appellant,
v.
Mark HENRY, Warden, Federal Correctional Institution
Terminal Island, San Pedro, California, Defendant-Appellee.
 No. 95-1304.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se plaintiff's complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against defendant warden of the Federal Correctional Institution in San Pedro, California, alleging a violation of Mr. Reynolds' Eighth Amendment rights during incarceration at San Pedro. Plaintiff appeals on the grounds that the district court erred in dismissing plaintiff's petition for failure to state a claim upon which relief could be granted and for dismissing the complaint as legally frivolous. We AFFIRM the order of the district court dismissing plaintiff's complaint.
 
 
 3
 Construing plaintiff's claims on appeal liberally as we must, plaintiff alleges that the district court erred when it failed to find that defendant was deliberately indifferent to plaintiff's safety with the result that he was injured in a stabbing incident. Plaintiff further alleges that defendant never investigated plaintiff's concerns and complaints related to fear for his safety in the correctional institution to which he was assigned in California. All of plaintiff's complaints relate to an allegation that he was misclassified by the United States Bureau of Prisons and was therefore mistakenly placed in a medium security prison.
 
 
 4
 Plaintiff alleges that defendant agreed to determine whether there was a misclassification and then to direct a transfer if such a misclassification had occurred. Plaintiff alleges that defendant failed to make such an investigation and transfer and that, as a result, plaintiff was stabbed and injured by "an unknown masked person." Plaintiff contends that defendant's failure to investigate the misclassification and to transfer plaintiff constitutes deliberate indifference to his physical safety in violation of the Eighth Amendment.
 
 
 5
 The district court relied upon a finding that plaintiff had failed to allege defendant's intent not to investigate and not to direct a transfer to a medium security facility. The district court found that at best defendant alleged facts that arose to negligence for failure to investigate the claim of misclassification. In his brief on appeal, plaintiff alleges that his complaint adequately pled defendant's culpable state of mind. On appeal, however, plaintiff fails to provide any less conclusory description of the state of mind of the defendant than was presented to the district court. We agree with the district court that a mere failure to investigate does not rise to the level of deliberate indifference to plaintiff's safety under the circumstances of this case where plaintiff has failed to allege any facts that would support deliberate indifference to plaintiff's safety. A conclusory allegation of a failure to investigate without other non-conclusory allegations relating to the defendant's state of mind and the defendant's knowledge of dangerous circumstances does not constitute a cognizable claim for violations of Eighth Amendment rights in a civil action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We therefore AFFIRM the district court's dismissal of plaintiff's civil rights action.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470